UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2015-PC1 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, acting by and through RIALTO CAPITAL ADVISORS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>RIVERVIEW ASSETS LLC,<br><br>                              Defendant. | Civil Action File No. 1:20-cv-05379 |

## STIPULATION CONSENTING TO ENTRY OF FINAL JUDGMENT

**WHEREAS**, Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of COMM 2015-PC1 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("Plaintiff"), acting by and through its special servicer, Rialto Capital Advisors, LLC ("Special Servicer"), commenced this action (the "Action") seeking, inter alia, to foreclose a Consolidation, Modification and Restatement Agreement and Assignment of Leases and Rents dated as of April 1, 2015 and in the original principal amount of $34,500,000.00 (the "Mortgage") secured by, inter alia, certain real property and improvements commonly known as the Riverview Center, located at 150 Broadway, Menands, New York 12204, and more particularly in the Mortgage and the property description attached hereto as Schedule A which is annexed hereto as Exhibit A herein (the "Property") by filing a Complaint dated and filed on July 13, 2020 (the "Complaint") against defendant Riverview Assets, LLC ("Borrower") as well as a Notice of Pendency against the Property. The Mortgage, the Note (defined below), the Guaranty (defined below) and all other accompanying loan documents shall be referred to as the "Loan Documents".

The transaction relating to the Loan Documents shall be referred to as the "Loan". The factual allegations in the Complaint are incorporated by reference herein.

**WHEREAS**, Borrower is the obligor on the Promissory Note, dated April 1, 2015, in the original principal amount of $34,500,000.00 (the "Note") that is the subject of the Action and the owner of the Property;

**WHEREAS**, Borrower waived service of the Summons and Complaint in this Action;

**WHEREAS**, no party hereto is an infant or incompetent person for whom a committee has been appointed;

**WHEREAS,** by Stipulation Consenting to Appointment of a Receiver dated on July 20, 2020, Borrower, inter alia, consented to the appointment of a receiver and the issuance of a consent order appointing receiver annexed thereto;

**WHEREAS,** by Consent Order Appointing Receiver "so ordered" on July 27 2020, the Honorable Mary Kay Vyskocil appointed William C. Colucci as the temporary receiver (the "Receiver"); and

**WHEREAS,** Borrower has not answered the Complaint or otherwise pled herein;

**WHEREAS**, Plaintiff, Borrower and non-party guarantor Tomas Rosenthal ("Guarantor") desire to resolve all rights, duties and obligations relating to the Loan Documents and this Action under the terms set forth herein. As set forth herein, Borrower and Guarantor (collectively, the "Borrower Parties") are willing to consent to issuance of final judgment in favor of Plaintiff in the form of judgment, as may be modified by the Court, annexed as Exhibit A hereto in the amount set forth in paragraph 2(a)(v) below (the "Final Judgment") in return for, inter alia, a covenant by Plaintiff not to sue Guarantor, an individual who guaranteed Borrower's obligations

pursuant to that certain Guaranty of Recourse Obligations dated April 1, 2015 (the "Guaranty"), for the outstanding obligations under the Loan Documents and not to sue the Borrower for a deficiency judgment. As set forth herein, Plaintiff has agreed to accept, inter alia, the Borrower Parties' consent to the Final Judgment and the receipt, use and/or retention of all suspense and reserve funds held by Plaintiff under the Loan, including those described in paragraph 4(vi) below, with the application of such funds toward the Loan balance or for advances as set forth in the Loan Documents in such order as Plaintiff may elect, and the sale of the Property pursuant to the Final Judgment subject to and in accordance with the terms herein.

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree, as follows:

1. Recitals. All of the foregoing recitals are specifically incorporated into this Agreement and made a part hereof.

2. The Borrower Parties' Waivers, Acknowledgements and Representations.

    a. The Borrower Parties hereby agree and acknowledge that:

        i. Borrower is in default of its obligations under the Loan Documents, including the Mortgage and the Note (the "Default").

        ii. The Borrower Parties have no counterclaim to the claims asserted by Plaintiff in the Action;

        iii. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332(a) because it is between citizenship of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs;

3

      iv.    Borrower waived service of the Summons and Complaint filed herein;

      v.    The amount due to Plaintiff pursuant to the Note, Mortgage and all other Loan Documents as of January 6, 2021 is $30,931,857.64, calculated as follows:

| | |
|---|---|
| Outstanding Principal Balance | $ 30,034,858.18 |
| Scheduled Note Interest at 4.6% (through 1/6/2021) | $ 353,076.44 |
| Default Interest at 9.6% (through 01/6/2021) | $ 1,337,386.20 |
| UCC Filing Fee | $ 45.23 |
| Payoff Fee | $ 1,500.00 |
| Tax & Insurance Advances | $ 162,871.98 |
| Other Property Advances | $ 36,519.79 |
| Estimated IOA | $ 2,837.31 |
| SS Fees | $ 76,077.63 |
| Liquidation fee | $ 305,613.68 |
| Suspense Balance | ($ 10,447.39) |
| Reserve Balance | ($ 1,464,143.41) |
| Legal Fees and Costs | $ 95,662.00 |
| Total Amount due to Lender as of January 6, 2021 | $ 30,931,857.64 |

; and

      vi.    The Borrower Parties waive any potential need for the ascertainment or computation of the amount due and owing on the Loan. Moreover, in consideration of the Plaintiff agreeing to cease computing Default Interest after ninety (90) days after entry of the Final Judgment, Borrower Parties hereby consent to any future application by Plaintiff seeking Court approval to extend the ninety (90) day period to conduct a foreclosure sale set forth in RPAPL §1351(1). Notwithstanding anything contained herein, Plaintiff shall use its best efforts to conduct the foreclosure sale within ninety (90) days of entry of the Final Judgment.

527548.000005 24204176.5

b.      The Borrower Parties hereby represent and warrant that they have not damaged the Property as a result of the intentional misconduct or gross negligence of Borrower or any of its principals, officers, general partners or members, or any agent or employee of such person, or any removal of the Property in violation of the terms of the Loan Documents. It is expressly understood by the Borrower Parties that Plaintiff is relying on this representation as a material inducement to it entering into this Agreement; and

c.      The Borrower Parties hereby acknowledge that New York State Executive Order 202.8, and all amendments, extensions and reiterations thereof (the "Executive Orders") do not apply to this Action, the Property, to the entry of the Final Judgment and Plaintiff's enforcement thereof. The Borrower Parties represent that the Default was not as a result of the COVID-19 emergency. To the extent that the Executive Orders are deemed to apply, the Borrower Parties waive any and all rights under the Executive Orders with respect to the Action, the Property, the entry of the Final Judgment and Plaintiff's enforcement thereof, and expressly acknowledge and agree that they benefit by the expeditious entry of the Final Judgment and Plaintiff's enforcement thereof, including, but not limited to, a foreclosure sale of the Property during any stay related any Executive Order. The Borrower Parties waive any claim as to the commercial reasonableness of a foreclosure sale conducted during a stay pursuant to any Executive Order.

d.      The parties consent to the appointment of Ira B. Warshawsky, Esq. from Meyer, Suozzi, English & Klein, P.C. located at 990 Stewart Avenue, Suite 300, P.O. Box 9194, Garden City, NY 11530-9194 telephone 516-592-5737 as

5

Referee to sell the Property at public auction with the assistance of Matthew Mannion from Mannion Auctions, LLC as Auctioneer located at 305 Broadway, Suite 200, New York, NY 10007 telephone 212-267-6698 pursuant to the terms the Final Judgment.  Plaintiff shall provide Borrower's counsel with a copy of the notice of sale at least twenty (20) days prior to the foreclosure sale.

3. <u>The Borrower Parties' Admission of the Allegations of the Complaint</u>. The Borrower Parties hereby affirmatively admit each and every allegation asserted by Plaintiff in the Complaint.

4. <u>The Borrower Parties' Consent to Entry of Final Judgment and Appointment of a Referee</u>.  The Borrower Parties hereby consent to entry of the relief requested in the Action without notice, including but not limited to: (i) entry of Final Judgment in the amount set forth in paragraph 2(a)(v) above and in the form of judgment annexed hereto as Exhibit A; (ii) appointment of the Referee with the assistance of the Auctioneer to sell the Property in accordance with the Final Judgment; (iii) public auction of the Property pursuant to the Final Judgment; and (iv) receipt, use and/or retention of all suspense and reserve funds held by Plaintiff under the Loan, including those described in paragraph 2(a)(v) above, with the application of such funds toward the Loan balance in such order as Plaintiff may elect or for advances as set forth in the Loan Documents. The Borrower Parties hereby waive the right to ascertainment and/or computation of the amount due to Plaintiff and the right to appeal the Final Judgment.  The Borrower Parties hereby consent that Plaintiff shall, at its sole option, submit the Final Judgment to the Court for entry.

5. <u>The Borrower Parties' Release of Plaintiff</u>.  The Borrower Parties and their respective members, partners, predecessors, successors, officers, directors, employees, attorneys,

assigns, agents, beneficiaries, affiliates, subrogees, insurers and any others claiming by or through it or them (each a "Releasing Party" and collectively, the "Releasing Parties"), hereby irrevocably and unconditionally release, acquit and forever discharge Plaintiff its past and present trustee, nominees, designees, parents, subsidiaries, affiliates, including also Special Servicer, and all of their respective officers, directors, agents, employees, servants, attorneys and representatives, as well as the respective heirs, personal representatives, successors and assigns of any and all of them (collectively, the "Released Parties") from and against any and all causes of action, suits, debts, liens, obligations, liabilities, claims, demands, damages, judgments, losses, orders, penalties, costs, charges, claims for the recovery of preferential transfers, fraudulent conveyances, or other avoidance actions under federal or state law, and expenses of any kind, including, without limitation, attorneys' fees, of any kind or nature whatsoever, direct or indirect, proximate, known or unknown, suspected or unsuspected, fixed or contingent, liquidated or un-liquidated, asserted or un-asserted that the Releasing Parties hold or assert, or may hold or assert, against the Released Parties which in any way arise from or relate to the Loan, the Loan Documents and all other documents executed or to be executed as contemplated therein, or any credit facilities contemplated therein, any other credit facilities provided or not provided in connection therewith, the manner, timing and amount of advances made or not made under the Loan Documents, the Property, the Action and any promises or other statements made (orally or in writing) or any acts, omissions, negligence or breach of duty by any of the Released Parties, including but not limited to, an officer, employee, or other representative of Plaintiff or its predecessors (including without limitation any such promises or other statements that are inconsistent with any of the provisions of this Agreement or any of the other documents executed or to be executed in connection herewith or any other Loan Documents) in connection with the foregoing, WHETHER KNOWN OR

7

UNKNOWN, FORESEEN OR UNFORESEEN, including without limitation, any specific claim raised by any Releasing Party, any claim that Plaintiff is not the owner of the Loan, including, without limitation the holder of the Loan Documents including, but not limited to, the Note and the beneficiary mortgagee under the Mortgage, whether by virtue of any potential defects in prior Loan assignments, allonges or otherwise, and also including without limitation any settlement negotiations and also including without limitation, any damages and the consequences thereof resulting or to result from any of the foregoing (collectively, the "Released Matters"). The Releasing Parties acknowledge and agree that the Released Matters include, among other things, any claims for fraud, promissory fraud, or any other claim arising from any oral or written promises, representations, assurances, agreements, statements or advice (including without limitation any such promises or other statements that are inconsistent with any of the provisions of this Agreement or any of the other documents executed or to be executed in connection herewith or in connection with any of the other Loan Documents) made or given or allegedly made or given by any of the Released Parties, including but not limited to an officer, employee, agent, attorney or other representative of Plaintiff or its predecessors with respect to the Released Matters that are or were false or allegedly false or that were made or allegedly made without intent to perform the same. The foregoing release extends to claims which the Releasing Parties do not know or suspect to exist in their favor at the time of executing this release, which if known by the Releasing Parties must have materially affected their settlement with the Released Parties. Each Releasing Party hereby waives any law (and any rights, claims, counterclaims and defenses in connection therewith) that provides that any such claim not known or suspected to exist is not waived or cannot be waived by the general waiver set forth above. Each of the Releasing Parties agrees that this waiver and release is an essential and material term of this Agreement and that the agreements

in this Section are intended to be in full satisfaction of any alleged injuries or damages in connection with the Released Matters. Each of the Releasing Parties represents and warrants that it has not purported to convey, transfer or assign any right, title or interest in any Released Matter to any other person or entity and that the foregoing constitutes a full and complete release of the Released Matters. Each of the Releasing Parties also understands that this release shall apply to all unknown or unanticipated results of the transactions and occurrences described above, as well as those known and anticipated. Each of the Releasing Parties has consulted with legal counsel prior to signing this Agreement, or had an opportunity to obtain such counsel and knowingly chose not to do so, and provides this release voluntarily, with the intention of fully and finally extinguishing all Released Matters. Notwithstanding anything to the contrary herein, the foregoing release shall not apply to any of the obligations of the Released Parties set forth in this Agreement, including, without limitation, the Release of Claims in the form annexed hereto as Exhibit B, each of which may be enforced against the Released Parties without regard to the foregoing release.

6. <u>Plaintiff's Release of Guarantor</u>. Upon the earlier of: (i) ninety-one days after the closing of the sale of the Property after a foreclosure auction; or (ii) the payoff or other satisfaction of the Loan, Plaintiff shall deliver to Guarantor a release in the form annexed hereto as Exhibit B. Plaintiff shall sign the release upon signing of this Agreement and shall hold the release in escrow and deliver same in accordance with this Agreement, unless the Borrower Parties shall default under the terms of this Agreement as set forth in section 9 below.

7. <u>Affirmative Covenants of Borrower Parties</u>. Borrower Parties shall not take any steps to interfere with, impede, delay or prevent the implementation of this Agreement, the transactions contemplated by this Agreement, the Action or Plaintiff's or its nominee's,

9

designee's or assignee's or any third parties' ownership, enjoyment or disposition of the Property following the sale of such Property pursuant to the Final Judgment.

        8.    <u>Relief from Bankruptcy</u>. IN THE EVENT OF ANY VOLUNTARY OR INVOLUNTARY BANKRUPTCY, REORGANIZATION, OR OTHER INSOLVENCY PROCEEDING WITH RESPECT TO THE BORROWER PARTIES, OR ANY VOLUNTARY OR INVOLUNTARY DISSOLUTION PROCEEDING WITH RESPECT TO THE BORROWER PARTIES, THE BORROWER PARTIES (i) AGREE AND CONFIRM THAT ANY AND ALL FUNDS PAID TO PLAINTIFF OR ON BEHALF OF THE BORROWER PARTIES AND IN THE POSSESSION, CUSTODY OR CONTROL OF PLAINTIFF ARE PROPERTY OF PLAINTIFF, ARE NOT PROPERTY OF THE BORROWER PARTIES OR THEIR ESTATES, AND ARE THEREFORE NOT CASH COLLATERAL AS DEFINED IN THE BANKRUPTCY CODE, (ii) IRREVOCABLY WAIVE ANY RIGHT TO OPPOSE ANY MOTION BY PLAINTIFF FOR RELIEF FROM THE AUTOMATIC STAY PROVIDED BY SECTION 362 OF THE BANKRUPTCY CODE OR ANY OTHER SIMILAR PROVISION OF APPLICABLE LAW, AND EACH RELEASING PARTY AGREES TO CONSENT TO ANY SUCH MOTION, AND NOT TO OPPOSE ANY SUCH MOTION, IN ANY MANNER, DIRECTLY OR INDIRECTLY, (iii) WAIVE ANY RIGHT TO USE, AND AGREE NOT TO USE, AND NOT TO SEEK AN ORDER PERMITTING THE USE OF, ANY OF PLAINTIFF'S COLLATERAL (INCLUDING WITHOUT LIMITATION ANY CASH COLLATERAL) IN ANY SUCH PROCEEDING, WHETHER UNDER SECTION 363 OF THE BANKRUPTCY CODE OR ANY OTHER PROVISION OF APPLICABLE LAW, (iv) IRREVOCABLY WAIVE ANY RIGHT TO OPPOSE, AND AGREE NOT TO OPPOSE, ANY MOTION BY PLAINTIFF FOR ADEQUATE PROTECTION OF ANY OF ITS INTERESTS IN THE COLLATERAL, AND

(v) IRREVOCABLY WAIVE ANY RIGHT TO RECOVER ANY COSTS OR EXPENSES OF PRESERVING OR DISPOSING OF ANY OF THE COLLATERAL, AND AGREE NOT TO SEEK APPROVAL OF ANY SUCH RECOVERY, WHETHER UNDER SECTION 506(c) OF THE BANKRUPTCY CODE OR ANY OTHER PROVISION OF APPLICABLE LAW.

9. <u>Default by Borrower Parties</u>. If either of the Borrower Parties shall default on their obligations under this Agreement, or any of Borrower Parties' representations in this Agreement or in the Loan Documents are not true, Plaintiff shall have the right, after fifteen (15) days prior written notice to the Borrower Parties, which shall include the details of any claimed default, with an opportunity to cure such default during such period, and to the extent that Borrower Parties commence such cure within such fifteen (15) days and continue thereafter to diligently advance such cure, then for such amount of time as such cure shall entail, but in any event not longer than 60 days, to refuse to deliver the Release and may destroy and/or void the Release, whether or not already executed and/or delivered, without further notice. In such event, Plaintiff shall have no obligations to the Borrower Parties under this Agreement. Plaintiff represents that pursuant to a title search it obtained in contemplation of this Action and any subsequent title searches since then, it has no knowledge of any liens, encumbrances, judgments or obligations that would not be extinguished by the Final Judgment.

10. <u>Notices</u>. Any notice pursuant to this Agreement shall be given in writing by: (a) personal delivery; or (b) expedited delivery service with proof of delivery, sent to the intended addressee at the address set forth below, or to such other address or to the attention of such other person as the addressee shall have designated by written notice sent in accordance herewith, and shall be deemed to have been given either at the time of personal delivery, or, in the case of expedited delivery service or mail, as of the date of first attempted delivery at the address

11

and in the manner provided herein. Unless changed in accordance with the preceding sentence, the addresses for notices given pursuant to this Agreement shall be as follows:

>If to Plaintiff:
>Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of COMM 2015-PC1 Mortgage Trust Commercial Mortgage Pass-Through Certificates
>c/o Rialto Capital Advisors, LLC
>790 NW 107th Avenue, Suite 400
>Miami, Florida 33172
>Attention: Danny Ornstein
>
>With a Copy to Plaintiff's attorney:
>Thompson & Knight LLP
>900 Third Avenue, 20th Floor
>New York, NY 10022
>Attention: Keith M. Brandofino, Esq.
>
>If to Borrower Parties:
>Riverview Assets LLC
>2329 Nostrand Avenue, Suite 500
>Brooklyn, New York 11210
>Attention: Tomas Rosenthal
>
>Tomas Rosenthal
>Riverview Assets LLC
>2329 Nostrand Avenue, Suite 500
>Brooklyn, New York 11210
>
>With a Copy to Borrower Parties' attorneys:
>Jacobowitz Newman Tversky LLP
>37 Pearsall Avenue, Suite C
>Cedarhurst, New York 11516
>Attention: Aviva Francis, Esq.

11. <u>Further Assurances</u>. The Borrower Parties shall execute such other documents and perform such other acts as are reasonably required by Plaintiff and/or its counsel to effectuate the terms of this Agreement. The Borrower Parties shall also cooperate with Plaintiff and/or its counsel to remove any liens, encumbrances, judgments or obligations not extinguished by the Final Judgment. The Borrower Parties agree that, at the request of Plaintiff at any time and

from time to time and at no cost or expense to Plaintiff, the Borrower Parties will promptly take such actions and execute and deliver such agreements, documents, and instruments as may be requested by this Court or the Albany County Clerk's Office in order to further evidence or effectuate the provisions of this Agreement. A refusal by the Borrower Parties to comply with this paragraph shall be deemed an Event of Default herein.

12. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts with the same effect as if all parties hereto had signed the same document. All such counterparts shall be construed together and shall constitute one instrument, but in making proof hereof it shall only be necessary to produce one such counterpart. A facsimile or Portable Document Format copy of this Agreement and or any counterpart shall be deemed an original.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

527548.000005 24204176.5

Dated: New York, New York
      January __, 2021

**PLAINTIFF**

Wilmington Trust, National Association,
as Trustee, for the Benefit of the Holders
of COMM 2015-PC1 Mortgage Trust
Commercial Mortgage Pass-Through
Certificates

By: Rialto Capital Advisors, LLC, a
Delaware limited liability company, in its
capacity as special servicer

By: _____
Name: Adam Singer
Title: Authorized Signatory

Dated: New York, New York
      January 13, 2021

**THOMPSON & KNIGHT LLP**

By: _____
Keith M. Brandofino, Esq.
Maximiliano Rinaldi, Esq.
David V. Mignardi, Esq.
Attorneys for Plaintiff
  *Wilmington Trust, National*
  *Association, as Trustee,*
  *for the Benefit of the Holders of*
  *COMM 2015-PC1 Mortgage Trust*
  *Commercial Mortgage Pass-Through*
  *Certificates*
900 Third Avenue, 20th Floor
New York, NY 10022
Keith.Brandofino@tklaw.com
Max.Rinaldi@tklaw.com
David.Mignardi@tklaw.com

Dated: _____, New York
      January __, 2021

**BORROWER**

Riverview Assets LLC,
a New York limited liability company

By: _____
Name: _____
Title: _____

Dated: _____, New York
      January __, 2021

**GUARANTOR**

_____
Tomas Rosenthal

Dated: New York, New York
      January __, 2021

**JACOBOWITZ NEWMAN TVERSKY LLP**

By: _____
Aviva Francis, Esq.
Counsel for Defendant
  *Riverview Assets LLC*
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
(516) 545-0343
afrancis@jntllp.com

**SO ORDERED** this _____ day of _____, 2021.

_____
United States District Judge

527548.000005 24204176.5

Dated: New York, New York
      January __, 2021

**PLAINTIFF**
Wilmington Trust, National Association,
as Trustee, for the Benefit of the Holders
of COMM 2015-PC1 Mortgage Trust
Commercial Mortgage Pass-Through
Certificates

By: Rialto Capital Advisors, LLC, a Delaware limited liability company, in its capacity as special servicer

By: _____
Name: _____
Title: _____

Dated: _____, New York
      January __, 2021

**BORROWER**
Riverview Assets LLC,
a New York limited liability company

By: _[signature]_
Name: Tomas Rosenthal
Title: President

Dated: Brooklyn, New York
      January 7, 2021

**GUARANTOR**

_[signature]_
Tomas Rosenthal

Dated: New York, New York
      January __, 2021

**THOMPSON & KNIGHT LLP**

By: _____
    Keith M. Brandofino, Esq.
    Maximiliano Rinaldi, Esq.
    David V. Mignardi, Esq.
    Attorneys for Plaintiff
      *Wilmington Trust, National*
      *Association, as Trustee,*
      *for the Benefit of the Holders of*
      *COMM 2015-PC1 Mortgage Trust*
      *Commercial Mortgage Pass-Through*
      *Certificates*
900 Third Avenue, 20th Floor
New York, NY 10022
Keith.Brandofino@tklaw.com
Max.Rinaldi@tklaw.com
David.Mignardi@tklaw.com

Dated: New York, New York
      January 7, 2021

**JACOBOWITZ NEWMAN TVERSKY LLP**

By: _[signature]_
    Aviva Francis, Esq.
    Counsel for Defendant
      *Riverview Assets LLC*
    377 Pearsall Avenue, Suite C
    Cedarhurst, New York 11516
    (516) 545-0343
    afrancis@jntllp.com

**SO ORDERED** this _____ day of _____, 2021.

_____
United States District Judge

14