**EXHIBIT B**
**(Plaintiff's Release of Guarantor)**

527548.000005 24204176.5

## **RELEASE OF CLAIMS**

Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of COMM 2015-PC1 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("Noteholder") executes this release (the "Release") based on the following:

Noteholder, acting by and through its special servicer, Rialto Capital Advisors, LLC, has entered into a certain Stipulation Consenting to Entry of Final Judgment dated as of January __, 2021 (the "Agreement") with Riverview Assets, LLC ("Borrower") and Tomas Rosenthal ("Released Party"). Borrower executed that certain Promissory Note, dated April 1, 2015 and in the original principal amount of $34,500,000.00 (the "Note"), together with, inter alia, that Consolidation, Modification and Restatement Agreement and Assignment of Leases and Rents, dated April 1, 2015, in the original principal amount of $34,500,000.00 (the "Mortgage"). Guarantor guaranteed the payment and performance of the Guaranteed Obligations of Borrower on the Loan as set forth and defined in that Guaranty of Recourse Obligations dated April 1, 2015 (the "Guaranty"). Noteholder represents and warrants that it owns the Note and Mortgage, Guaranty and related Loan Documents (defined below) and is authorized to enter into this Release. Under the terms of the Agreement, Borrower has consented and agreed to, inter alia, the issuance of a final judgment in favor of Plaintiff and the sale of the Property (as defined in the Agreement) by the court-appointed referee at public auction. The Note and Mortgage, together with all other documents guaranteeing, securing, governing or related to the Note and/or Mortgage are collectively referred to herein as the "Loan Documents".

For good and valuable consideration, the receipt and the sufficiency of which are hereby acknowledged, and pursuant to the Agreement, Noteholder hereby agrees as follows:

1. Except as otherwise set forth in Section 3 hereof, Noteholder its heirs respective members, partners, predecessors, successors, officers, directors, employees, attorneys, assigns, agents, beneficiaries, affiliates, subrogees, insurers and any others claiming by or through it or them (the "Releasor") hereby fully and finally acquits, quitclaims, releases and discharges the Released Party of and from any and all liability for the obligations, claims, liabilities, damages, demands, debts, liens, deficiencies or cause or causes of action to, or for the benefit (whether directly or indirectly) of Releasor, at law or in equity, known or unknown, contingent or otherwise, whether asserted or un-asserted, whether now known or hereafter discovered, whether statutory, in contract or in tort, as well as any other kind or character of action now held, owned or possessed (whether directly or indirectly) by Releasor, arising out of, related to or concerning, whether directly or indirectly, proximately or remotely:

    (i)    the Loan (as defined in the Agreement);

    (ii)    the Note or any of the other Loan Documents (including, without limitation, the Guaranty (as defined in the Agreement));

    (iii)    the Property (as defined in the Agreement); and

    (iv)    the transactions relating to the foregoing

(collectively, the "Claims").

2. Noteholder acknowledges that there is a risk that subsequent to the execution of this Release, Noteholder may discover, incur, or suffer from Claims which were unknown or unanticipated at the time this Release is executed, including, without limitation, unknown or unanticipated Claims which, if known by Noteholder on the date this Release is being executed, may have materially affected Noteholder's decision to execute this Release. Noteholder acknowledges that Noteholder is assuming the risk of such unknown and unanticipated Claims and agrees that this Release applies thereto, except as set forth in Section 3 below.

3. Nothing herein shall be deemed to relieve the Released Party of any liability to Releasor to the extent of any loss, damage, cost, expense, liability, claim or other obligation incurred by Releasor (including attorneys' fees and costs reasonably incurred) arising out of or in connection with: (1) fraud or intentional material misrepresentation by Borrower, the Released Party or any of their principals, officers or partners with respect to the Agreement or any Loan Document, and/or (2) breach by Borrower or the Released Party of any Environmental Laws (as defined in the Loan Documents) or covenants in the Loan Documents regarding Hazardous Substances (as defined in the Loan Documents) (collectively or individually, "Surviving Rights").

4. It is expressly understood and agreed that this is only a release by Releasor (with the exceptions stated herein) of Releasor's claims for personal recourse against the Released Party in connection with the Loan Documents and nothing contained herein shall be deemed to be a release of Releasor's rights in and to the collateral described in the Loan Documents (except to the extent, if any, expressly set forth in the Agreement).

5. This Release is intended to evidence settlement discussions between Noteholder and Released Party, and, until executed and delivered to the Released Party, shall not be admissible in any lawsuit or other legal proceeding, and is without prejudice to the rights of any party.

6. It is understood and agreed that this Release shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns, and any subsequent owners, except as stated herein.

7. If any term, covenant, or condition of this Release is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision hereof, and this Release shall be construed as if such invalid or unenforceable provision had never been contained herein.

8. Should any provision of this Release require interpretation in any judicial, administrative or other proceeding or circumstance, it is agreed that the court, administrative body or other entity interpreting or construing the same shall not apply a presumption that the terms hereof shall be more strictly construed against one party by reason of the rule of construction that a document is to be construed more strictly against the party who prepared the same, it being agreed that the parties hereto have fully participated in the preparation of this Release.

9. It is understood and agreed that this Release may be executed in a number of identical counterparts, each of which shall be deemed an original for all purposes. It is

understood and agreed that photostatic or facsimile signatures of the original signature of this Release, and photostatic or facsimile copies of this Release fully executed, shall be deemed an original for all purposes, and the parties hereto waive the "best evidence" rule or any similar law or rule in any proceeding in which this Release shall be presented as evidence.

      10.    Any notice pursuant to this Release shall be given in writing by: (a) personal delivery; or (b) expedited delivery service with proof of delivery, sent to the intended addressee at the address set forth below, or to such other address or to the attention of such other person as the addressee shall have designated by written notice sent in accordance herewith, and shall be deemed to have been given either at the time of personal delivery, or, in the case of expedited delivery service or mail, as of the date of first attempted delivery at the address and in the manner provided herein. Unless changed in accordance with the preceding sentence, the addresses for notices given pursuant to this Release shall be as follows:

<u>If to Noteholder</u>:

Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of COMM 2015-PC1 Mortgage Trust Commercial Mortgage Pass-Through Certificates
c/o Rialto Capital Advisors, LLC
790 NW 107th Avenue
Suite 400
Miami, Florida 33172
Attention: Danny Ornstein

With a Copy to Noteholder's attorney:

Thompson & Knight LLP
900 Third Avenue, 20th Floor
New York, NY 10022
Attention: Keith M. Brandofino, Esq.

<u>If to Released Party</u>:

Tomas Rosenthal
Riverview Assets LLC
2329 Nostrand Avenue, Suite 500
Brooklyn, New York 11210

With a Copy to Released Party's attorneys:

Jacobowitz Newman Tversky LLP
37 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
Attention: Aviva Francis, Esq.

11. This Release is executed and delivered in connection with the Agreement and the other documents, releases and agreements entered into in connection therewith.

12. This Release shall be governed by construed and enforced in accordance with and subject to the laws of the State of New York without reference to its conflicts of law authority.

Executed as of January __, 2021.

NOTEHOLDER:

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2015-PC1 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES

By: Rialto Capital Advisors, LLC, a Delaware limited liability company, in its capacity as special servicer

By:_____
Name:_____
Title: Servicing Officer

STATE OF _____ )
                       : ss.:
COUNTY OF _____ )

On the ___ day of January, in the year 2021, before me, the undersigned personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

4

527548.000005 24204176.5